**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| TMC PRODUCE SOLUTIONS CORP. and BEST BUY PRODUCE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BROTHERS PRODUCE LLC t/a GRUBMARKET, GRUBMARKET, INC., MINYI YI XU a/k/a MIKE XU, and KATHY H. XU, each individually,<br><br>Defendants. | **CIVIL ACTION**<br><br>Case No. |

# COMPLAINT

For its complaint, the plaintiffs respectfully states as follows:

## THE PARTIES

1. TMC Produce Solutions Corp. ("*TMC*") is a Texas corporation with its principal place of business located at 2600 S. Shore Blvd., Ste. 300, League City, TX 77573.

2. Best Buy Produce Int'l Inc. ("*Best Buy")* is a California corporation with its principal place of business located at 9620 Gidley St., Temple City, CA 91780.

3. TMC and Best Buy hereinafter collectively referred to as the "*Plaintiffs*."

4. Plaintiffs each buy and sell wholesale quantities of perishable agricultural commodities (hereinafter "*Produce*") in both interstate and foreign commerce.

5. Plaintiffs each trade in fresh fruit and vegetable commodities ("*Produce*") the United States Department of Agriculture ("*USDA*") expressly recognize as commodities covered under the provisions of the Perishable Agricultural Commodities Act, 1930, *as amended*, 7 U.S.C. §§ 499a-499t ("*PACA*").

6. At all times relevant hereto, Plaintiffs were each engaged, directly or indirectly, in the business of purchasing and/or selling Produce in wholesale or jobbing quantities and, therefore, is a "dealer" of Produce as defined by PACA.

7. At all times relevant hereto, Plaintiffs each operated its business under a valid USDA issued PACA License, which the USDA has identified as:

(a) TMC's PACA License No.: 20110642; and,

(b) Best Buy's PACA License No: 19962520.

8. Defendants are:

(a) Brothers Produce LLC t/a Grubmarket (the "*Company*"), is Texas limited liability company with its principal place of business located at 3173 Produce Row, Houston, TX 77023. At all times relevant to this action:

(i) Company was and is owned and operated by Grubmarket, Inc., Minyi Yi Xu a/k/a Mike Xu, and Kathy H. Xu;

(ii) Company was and is the holder of PACA license number 20250998[1], which the USDA issued to Company on or about August 14, 2025;

(iii) Company's PACA license identifies "Grubmarket" as its trade name;

(iv) Company operated, conducted, and otherwise was engaged in the business of buying and selling Produce in interstate and foreign commerce;

(v) Company is a "dealer" of Produce as defined by PACA;

(vi) Company is the trustee of the PACA trust;

(vii) Company sold Plaintiffs' Produce to third parties within, *inter alia*, the State of Texas and in the ordinary course of its Produce related business;

(viii) Company acted by and through Minyi "Mike" Xu, Kathy Xu – and other unknown officers, managers, shareholders, or agents – and otherwise participated in the tortious conduct or other wrongs set forth herein.

[1] A true and correct copy of Company's PACA license is attached hereto as Exhibit A.

(b) Grubmarket, Inc. ("*Grubmarket*") is a Delaware corporation registered to do business, *inter alia*, in both Texas and California, and maintains its principal place of business at 395 Oyster Point Blvd., Suite 515, South San Francisco, CA 94080.

(i) Grubmarket is the successor-in-interest to Company, having acquired all or substantially all Company's assets and liabilities on or before July 8, 2024;

(ii) Grubmarket is the owner of Company;

(iii) At all times relevant hereto, Grubmarket was and is the holder of PACA license number 20160086, which the USDA issued to Grubmarket on or about October 27, 2015;

(iv) As the holder of a valid PACA license, Grubmarket was and is a "dealer" of Produce as defined by PACA;

(v) Following its acquisition of Company on or before July 8, 2024, Grubmarket was and is in a position to exercise dominion and control over Company and otherwise participated in the tortious conduct or other wrongs set forth herein.

(c) Minyi Xu a/k/a Mike Xu ("*Mike Xu*"), upon information and belief[2], is a resident of Fremont, CA and domiciled in the State of California, and at all times relevant hereto:

(i) was and is an owner of Company;

(ii) was and is identified as a "*Reported Principal*"[3] on the Company's PACA License No. 20250998;

(iii) Signed Company's December 18, 2024, Certificate of Conversion and related plan of conversion from a Texas corporation to a Texas limited liability company as the president of Company;

(iv) was and is an owner of Grubmarket;

(v) was and is an officer of Grubmarket;

(vi) was and is an officer of Company;

---

[2] On or upon "information and belief," as used herein, means Plaintiff is informed and believes a fact or condition to be true and, upon such information and belief, alleges the fact or condition in connection with the instant complaint. Plaintiff's information and beliefs are based upon investigation and derived from such sources as: Plaintiff's conversations with Defendants, e-mail or text message correspondence with Defendants, publicly available government documents, relevant statements or information contained on Defendant owned or controlled websites or social media platforms, Plaintiff and Defendants' relevant produce transaction documents, documents Defendants provided Plaintiff, and relevant third-party documents.

[3] The USDA **requires** each new PACA license applicant or PACA licensee applying for renewal to provide "INFORMATION FOR INDIVIDUAL OWNER; ALL PARTNERS; ALL MEMBERS AND/OR MANAGERS, OF LLCS – ALL OFFICERS (INCLUDING TITLES), DIRECTORS, AND/OR STOCKHOLDERS, HOLDING MORE THAN 10 PERCENT OF OUTSTANDING VOTING STOCK…" Those qualifying individuals or legal entities are reported on the PACA License itself as a "Reported Principal." *See* https://www.ams.usda.gov/sites/default/files/media/FTPP_211_PACALicenseApplication.pdf

(vii) was and is a member of the Company;

(viii) was and is a co-trustee of the PACA trust, and;

(ix) was and is in a position to exercise dominion and control over Company and otherwise participated in the tortious conduct or other wrongs set forth herein.

(d) Kathy H. Xu ("*Kathy Xu*"), is a resident of Palo Alto, CA and domiciled in the State of California, and at all times relevant hereto:

(i) was and is an owner of Company;

(ii) was and is identified as a "*Reported Principal*" on the Company's PACA License No. 20250998;

(iii) was and is an officer of Company;

(iv) was and is a member of the Company;

(v) was and is a co-trustee of the PACA trust,

(vi) was and is an owner of Grubmarket,

(vii) was and is the Chief Financial Officer for Grubmarket, and;

(viii) was and is in a position to exercise dominion and control over Company and otherwise participated in the tortious conduct or other wrongs set forth herein.

9. Grubmarket, Mike Xu, and Kathy Xu hereinafter collectively referred to as the "*Principals*."

10. Company and Principals shall hereinafter be collectively referred to as the "*Defendants*."

11. At all times relevant hereto, Company was engaged, directly or indirectly, in the business of purchasing and/or selling Produce in wholesale or jobbing quantities and, therefore, is a "dealer" of Produce as defined by PACA.

12. The USDA provides a list of perishable agricultural commodities covered under PACA, [4] which includes:

(a) bell pepper, zucchini, tomatoes, and potatoes from TMC; and,

(b) peeled garlic, onions, tomatoes, ginger, cipollini, and shallot from Best Buy.

13. Plaintiffs sold Defendants, and Defendants bought from Plaintiffs, perishable agricultural commodities comprised of fresh bell pepper, zucchini, tomatoes, potatoes, peeled garlic, onions, ginger, cipollini, and shallot, all of which are identified in the charts and unpaid invoices, attached hereto and incorporated herein as Exhibits B-C. As such, Defendants' Produce transactions with each of the

[4] The USDA's Agricultural Marketing Service maintains and updates, in the ordinary course of its business, a complete list of the USDA's PACA covered commodities online at: https://www.ams.usda.gov/sites/default/files/media/CommoditiesCoveredbyPACA.pdf

Plaintiffs involved Produce the USDA expressly recognizes as covered commodities under PACA.

14. At all times relevant hereto, Company acted or failed to act by and through Principals.

15. As a PACA licensee and dealer of Produce, the acts, omissions, or failures of its Principals, employees, or agents constitute acts, omissions, or failures of Company.

## JURISDICTION AND VENUE

16. The District Court has subject matter jurisdiction over this civil action arising under 7 U.S.C. § 499e(b)(2) and pursuant to 28 U.S.C. § 1331.

17. The District Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1337 because PACA qualifies as an "Act of Congress regulating commerce" and several of Plaintiffs' claims herein arise under 7 U.S.C. § 499e(b)(2), 7 U.S.C. § 499p, and 7 C.F.R. § 46 *et seq*.

18. The Court has supplemental jurisdiction over Plaintiffs' other claims pursuant to 28 U.S.C. § 1367(a).

19. The Court has *in rem* jurisdiction over the Plaintiffs' claims pursuant to, *inter alia*, 28 U.S.C. § 1655.

20. Venue in this district is based on 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred

in this district and a substantial part of the property that is the subject of this action is or was situated within this district.

## NATURE OF THE CASE

21. This is a civil action for monetary and injunctive relief, pursuant to which Plaintiffs seek to enforce its rights against the Defendants under both PACA's Trust and Unfair Conduct provisions and further seeks to enforce its rights under state law (e.g., breach of contract, breach of fiduciary duty and tortious interference with receipt of trust assets).

22. As set forth in detail herein, Plaintiffs are each the holder of a properly perfected PACA trust claim in the current amount of:

(a) not less than $350,198.57, plus further interest at the statutory rate of 1.5% per month (18% APR) and costs of collection, including attorneys' fees, as sums owing in connection with TMC's unpaid Produce transactions with Company; and,

(b) not less than $55,985.26, plus further interest at the statutory rate of 1.5% per month (18% APR) and costs of collection, including attorneys' fees, as sums owing in connection with Best Buy's unpaid Produce transactions with Company.

23. Further, Defendants have committed willful, repeated, and flagrant violations of Section 2 of PACA (i.e., Unfair Conduct provisions) and, as a direct

result of said violations, Plaintiffs has incurred damages of not less than the aggregate amount of $406,183.83, plus further interest at the contract rate of 1.5% per month (18% APR) and costs of collection, including attorneys' fees, as sums owing in connection with Plaintiffs' unpaid Produce transactions with Company.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

24. Plaintiffs each utilized their unpaid invoices contained in Exhibits B-C to perfect and otherwise preserve its PACA trust rights in and to each load of Produce listed therein and Company's PACA trust assets.

25. Plaintiffs' unpaid invoices each contained the following language preserving its beneficial interest in and to the Company's PACA trust assets:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 USC § 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other produces derived from these commodities, and any receivables or proceeds from the sale of the commodities until full payment is received.

*See* Exhibits B-C.

26. TMC and Company agreed that "Interest shall accrue on any past-due account balance at the rate of 1.5% per month (18% per annum)" and further agreed that "in the event any collection action become necessary, Buyer agrees to pay all costs of collection, including attorneys' fees as sums due and owing under the PACA trust." *See* Exhibit B.

27. Best Buy and Company agreed that: "A finance charge calculated at the rate of 1 ½% per month (18% annually), or at the highest rate permitted by law, will be applied to all past due accounts including pre and post judgment amounts" and further agreed that: "should any action be commenced between the parties to this contract concerning the sums due or the rights and duties of any party to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an awarded of actual attorney's fees and costs in bringing the action and/or enforcing any judgment granted in the action." *See* Exhibit C.

28. Company failed to object to Plaintiffs' inclusion of the additional contract language quoted in paragraphs 26-27 above as a material part of the parties' agreement.

29. The additional contract language quoted in paragraphs 26-27 above represents a material part of Plaintiffs' standard contract terms.

30. Plaintiffs' inclusion of the additional contract language quoted in paragraphs 26-27 above represents a standard industry practice and, as such, is of no surprise to Company.

31. Plaintiffs' inclusion of the additional contract language quoted in paragraphs 26-27 above represents bargained for terms and the sums detailed therein are sums owing in connection with the Produce transactions identified in Exhibits B-C.

32. Plaintiffs are each unpaid suppliers of Produce because the Defendants failed to pay for any of the Produce identified in the unpaid invoices contained in Exhibits B-C.

33. Defendants failed to pay or otherwise deliver good funds to the Plaintiffs in the amounts set forth in Exhibits B-C, despite repeated demands from Plaintiffs.

**COUNT I**

**ENFORCEMENT OF THE PACA TRUST**

**DEFENDANTS**

34. Plaintiffs re-allege paragraphs 1 through 16 and 25 through 35 as though fully set forth herein.

35. The Company and Principals were in possession, custody and control of the Produce Plaintiffs sold to Company and all assets derived from the Defendants' subsequent sale of that Produce, including, without limitation: (i) food or products derived from Produce; (ii) accounts receivable; (iii) proceeds from the sale of Produce; (iv) cash; (v) any other assets commingled with proceeds of Produce; and (vi) any other assets acquired or maintained with such proceeds, cash, assets, or other trust assets held in the Company's name (collectively the "*PACA Trust Assets*") for the benefit of Plaintiffs and all other similarly-situated PACA trust beneficiaries.

36. As a PACA licensee, Company served as the corporate trustee of the PACA Trust Assets.

37. As a person or entity in control or in a position of control over Company and/or the PACA Trust Assets, Principals each served as a co-trustee of the PACA Trust Assets.

38. As a PACA licensee and trustee of the PACA Trust Assets, Defendants possessed a duty to preserve the PACA Trust Assets and to protect the PACA Trust Assets from dissipation.

39. Defendants failed to deliver to Plaintiffs sufficient funds from the PACA Trust Assets for any of the shipments of Produce listed in Exhibits B-C.

40. Defendants failed to preserve sufficient amounts of the PACA Trust Assets to fully satisfy all qualified PACA trust claims, such as the Plaintiffs' unpaid claims asserted in this action.

41. Defendants failed to ensure that Company's PACA Trust Assets were freely available to satisfy its outstanding obligations to Plaintiffs or other similarly situated Produce suppliers.

42. At all times relevant hereto, Company lacked the liquidity or free cash flow to pay Plaintiffs for any of the shipments of Produce listed in Exhibits B-C.

43. Company lacked adequate capitalization to pay Plaintiffs or other similarly situated Produce suppliers and to sustain any losses resulting from its inability to collect upon its own accounts receivable.

44. Principal improperly shifted the risk of Company's undercapitalization or bad debt risk to Plaintiffs and its other unpaid Produce suppliers.

45. Upon information and belief, at all times relevant hereto, Company was insolvent.

46. Upon information and belief, at all times relevant hereto, Company's liabilities exceeded its assets.

47. Upon information and belief, Principals each possessed actual and constructive knowledge of Company's insolvency.

48. Principals each failed to voluntarily cease business operations and to otherwise refrain from receiving and accepting Produce on credit while Company was either insolvent or during a time when Company's liabilities exceeded its assets, or it was unable to pay its undisputed Produce related transaction debts when they became due.

49. As a direct result of the Company and Principals' failure to properly protect the PACA Trust Assets from dissipation, Plaintiffs have suffered damages which are covered under the PACA trust in the current aggregate amount of not less

than $406,183.83, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action.

50. Upon information and belief, additional unknown and unpaid trust beneficiaries exist. As a result, Plaintiffs further seek the entry of an Order directing the Defendants to immediately turn over to the Registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the Plaintiffs herein, thereby creating a fund for the benefit of said trust beneficiaries.

**COUNT II**

**PACA VIOLATION: FAILURE TO MAINTAIN TRUST**

**DEFENDANTS**

51. Plaintiffs re-allege paragraphs 1 through 16 and 25 through 52 as though fully set forth herein.

52. Plaintiffs and Company entered into a series of forty-eight (48) separate transactions involving Plaintiffs' sale of Produce to Company and Company's purchase, receipt, and acceptance of said Produce between August 17, 2025, and May 6, 2026. *See* Exhibits B-C.

53. At all times relevant hereto, Company lacked the liquidity or free cash flow to pay Plaintiffs for the Produce transactions identified in Exhibits B-C.

54. At all times relevant hereto, Company's PACA Trust Assets were not freely available to satisfy its outstanding obligations to Plaintiffs or other similarly situated PACA trust beneficiaries.

55. On information and belief, Company and Principals issued checks or otherwise made payments to various entities and individuals other than Plaintiffs while Plaintiffs' Produce related invoices to Company remained unpaid.

56. Defendants' issuance of checks or other payments to entities and individuals other than its unpaid Produce suppliers, including Plaintiffs herein, while Plaintiffs' Produce related invoices to Company remained unpaid is inconsistent with its obligation to maintain its PACA Trust Assets such that they are freely available to satisfy its obligations to its Produce suppliers.

57. Principals authorized or approved Company's issuance of checks or other payments to entities and individuals other than Plaintiffs while Plaintiffs' Produce related invoices to Company remained unpaid.

58. Principals failed to object or otherwise act to prevent the Company's issuance of checks or other payments to entities and individuals other than Plaintiffs while Plaintiffs' Produce related invoices to Company remained unpaid.

59. As a direct result of the Defendants' aforementioned actions and inactions, Plaintiffs have incurred damages in the current aggregate amount of not

less than $406,183.83, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action.

## COUNT III

## PACA Violation (Unfair Trade Practice): Failure to Promptly Pay
## 7 U.S.C. 499b(4)

## COMPANY

60. Plaintiff re-alleges paragraphs 1 through 16 and 25 through 61 as though fully set forth herein.

61. As a PACA licensee and dealer of Produce, Company possessed a statutory duty to promptly pay Plaintiffs for any and all Produce transactions involving Plaintiffs' Produce.

62. Between August 17, 2025, and May 6, 2026, Company received and accepted forty-eight (48) shipments (i.e., truck loads) of Plaintiffs' Produce.

63. Absent a written agreement to the contrary, Company was obligated to make full payment promptly to Plaintiffs within ten (10) days after the day on which the Company received and accepted each shipment Plaintiffs' Produce.

64. Company wholly failed to pay Plaintiffs within the applicable payment terms that were in effect between the parties at the time of each transaction identified in Exhibits B-C.

65. The Produce related invoices Plaintiffs issued to Company, each of which is identified and included in Exhibits B-C, remain unpaid and are in default.

66. Upon information and belief, at all times relevant hereto, Company lacked the ability to pay its creditors in the ordinary course of its business and was insolvent.

67. As a direct result of Company's failure to pay Plaintiffs within terms, Plaintiffs have incurred damages in the current aggregate amount of not less than $406,183.83, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action.

**COUNT IV**

**BREACH OF CONTRACT**

**COMPANY**

68. Plaintiffs re-allege paragraphs 1 through 16 and 25 through 35, and 63 through 69 as though fully set forth herein.

69. Plaintiffs and the Company entered into multiple sales transactions, each of which are identified in Exhibits B-C.

70. In each of those Produce transactions, Plaintiffs agreed to sell Produce to Company and Company agreed, *inter alia*, to purchase, receive, and accept Produce from Plaintiffs.

71. Plaintiffs each tendered or otherwise caused all the Produce identified in Exhibits B-C to be delivered or tendered to the Company and has satisfied all conditions of its contract with Company.

72. Company received and accepted all the Produce identified in Exhibits B-C within the State of Texas and State of California.

73. Company failed to either object to or reject any load of Produce identified in Exhibits B-C.

74. Company failed to obtain a USDA inspection for any of the Produce (i.e., independent inspection for quality and/or condition defects) identified in Exhibits B-C.

75. Upon information and belief, Company resold all the Produce identified in Exhibits B-C to its customers.

76. Company failed to pay or otherwise deliver good funds to Plaintiffs for the shipments of Produce identified in the unpaid invoices included in Exhibits B-C.

77. Upon information and belief, at all times relevant hereto, Company lacked the ability to pay its creditors in the ordinary course of business and was insolvent.

78. Plaintiffs are each unpaid suppliers of Produce holding Produce related invoices to the Company that remain unpaid.

79. As a direct result of Company's breaches of contract, Plaintiffs have incurred damages in the current aggregate amount of not less than $406,183.83, plus

further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action.

**COUNT V**

**BREACH OF FIDUCIARY DUTY**

**DEFENDANTS**

80. Plaintiffs re-allege paragraphs 1 through 16 and 25 through 69 as though fully set forth herein.

81. Defendants' duties to Plaintiffs, express or implied, under PACA are in addition to any duties owed to Plaintiffs that arise simply due to the existence of the parties' contractual relationship.

82. As a PACA licensee and dealer of Produce, Company possessed a statutory duty to ensure that Company performed all duties, express or implied, arising out of Company's Produce related transactions and dealings with Plaintiffs.

83. As a PACA licensed dealer of Produce, Company possessed a duty to deal with Plaintiffs in good faith, which requires honesty in fact.

84. As trustees of the PACA trust, Company and its Principals each possessed a fiduciary duty to maintain Company's PACA Trust Assets such that they are freely available to satisfy its obligations to Plaintiffs and its other similarly situated Produce suppliers.

85. As trustees of the PACA trust, Company and its Principals each possessed a fiduciary duty to preserve the Company's PACA Trust Assets for the benefit of its PACA trust beneficiaries, such as Plaintiffs herein.

86. As trustees of the PACA trust, Company and its Principals each possessed a fiduciary duty to protect the Company's PACA Trust Assets from dissipation.

87. As trustees of the PACA trust, Company and its Principal each possessed a statutory duty to promptly pay Plaintiffs, and other similarly situated Produce suppliers, in connection with every Produce related transaction.

88. Defendants accepted those fiduciary duties owed to Plaintiffs under PACA by operating as a "dealer" of Produce under PACA and accepting Produce from Plaintiffs, and other Produce suppliers, on credit.

89. Because Company failed or refused to promptly pay Plaintiffs for the Produce related transactions identified in Exhibits B-C, Defendants breached their fiduciary duty to Plaintiffs under PACA.

90. Because Company lacked the ability to pay its creditors, such as Plaintiffs herein, in the ordinary course of its business and was insolvent, Defendants breached their fiduciary duty to Plaintiffs under PACA to ensure that there were, at all times, sufficient assets available to satisfy all of its Produce related obligations to Plaintiffs.

91. Because Company issued checks or otherwise made payments to various entities and individuals other than Plaintiffs while Plaintiffs' Produce related invoices to Company remained unpaid, Defendants breached their fiduciary duty to Plaintiffs under PACA to preserve its PACA Trust Assets for the benefit of its unpaid Produce suppliers, such as Plaintiffs herein, and not to dissipate PACA Trust Assets.

92. Because Company purchased Produce on credit from Plaintiffs when it lacked the ability to pay its creditors, including Plaintiffs herein, in the ordinary course of its business and was insolvent, Defendants breached their fiduciary duty to Plaintiffs under PACA to deal with Plaintiffs in good faith.

93. Because Principal failed to counteract or obviate the decisions the Company's officers, managers, shareholders, or agents, not to pay Plaintiffs, Principals each breached their fiduciary duties to Plaintiffs under PACA.

94. As a direct result of Defendants' breaches of their fiduciary duties owed to Plaintiffs under PACA, Plaintiffs has incurred damages in the current aggregate amount of not less than $406,183.83, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action.

## COUNT VI

## BREACH OF FIDUCIARY DUTY

## PRINCIPALS

95. Plaintiffs re-allege paragraphs 1 through 16, 21 through 69, and 83 through 96 as though fully set forth herein.

96. Principals each served alongside Company as a co-trustee of the PACA trust.

97. As a co-trustee of the PACA trust, Principals each participated with Company in the administration and management of the Company's PACA Trust Assets.

98. As a co-trustee of the PACA trust, Principals each owed a fiduciary duty of loyalty to act in the best interest of the PACA trust and its beneficiaries, such as Plaintiffs herein, and to refrain from self-dealing.

99. As a co-trustee of the PACA trust, Principals each owed a fiduciary duty of prudence that requires Principals to exercise reasonable care, skill, and caution in the management and administration of the PACA Trust Assets.

100. As an officer, manager, or member of Company, Principals each controlled and managed or was each in a position to control and manage Company's operations and had control over its financial dealings.

101. As an officer, manager, or member of Company, Principals each had the authority to direct the payment of Company's operating funds and otherwise had the power to direct the application or disposition of its assets.

102. As an officer, manager, or member of Company, Principals were each in a position to influence Company's application of its operating funds and otherwise had the power to influence the application or disposition of its assets, including its PACA Trust Assets.

103. At all times relevant to this action, Principals were each an authorized signatory on Company's bank account(s) and otherwise had the power to direct the application or disposition of its assets, including its PACA Trust Assets.

104. As an officer, manager, or member of Company, Principals were each in a position to exercise judgment, discretion, and control over Company's operations and its financial dealings, which included, *inter alia*, ensuring that Company neither acted nor failed to act in any manner that could result in Company's violation of its obligations to Plaintiff under PACA.

105. As an officer, manager, or member of Company, Principals each knew or should have known of Company's failure to promptly pay Plaintiffs for each shipment of Produce identified in Exhibits B-C.

106. As an officer, manager, or member of Company, Principals each possessed the power necessary to counteract or obviate any decision of Company, not to pay Plaintiffs.

107. Principals caused the Company to commit a breach of the PACA trust by, *inter alia*, transferring PACA Trust Assets from the Company to non-PACA trust beneficiaries in violation of its duties under the PACA.

108. Principals knew or should have known, at the time the Company and Principal transferred PACA Trust Assets to non-PACA trust beneficiaries, Company lacked the ability to pay its PACA trust creditors and was otherwise insolvent.

109. Because Company and its Principals failed or refused to promptly pay Plaintiffs for the Produce related transactions identified in Exhibits B-C, Principals each breached their fiduciary duty to Plaintiffs under PACA.

110. Because Company lacked the ability to pay its creditors in the ordinary course of its business and was insolvent, Principals each breached their fiduciary duty to Plaintiffs under PACA to ensure that there were, at all times, sufficient Company assets available to satisfy all of its Produce related obligations to Plaintiffs and its other unpaid Produce suppliers.

111. Because Company and its Principals issued checks or otherwise made payments to various entities and individuals other than Plaintiffs while Plaintiffs' Produce related invoices to Company remained unpaid, Principals breached their

fiduciary duty to Plaintiffs under PACA to preserve the PACA Trust Assets for the benefit of Plaintiffs, and any other unpaid PACA trust beneficiary that may exist, and not to dissipate PACA Trust Assets.

112. Because Company and its Principals purchased Produce on credit from Plaintiffs when Company lacked the ability to pay its creditors in the ordinary course of its business and was insolvent, Principals breached their fiduciary duty to Plaintiffs under PACA to deal with Plaintiff in good faith.

113. Because Principals failed to counteract or obviate the decisions of Company, its officers, managers, members, or agents, not to pay Plaintiffs, Principals breached their fiduciary duties to Plaintiffs under PACA.

114. Plaintiffs are each an unpaid supplier of Produce and a properly perfected PACA trust beneficiary who is entitled to immediate distribution of the Company's PACA Trust Assets by virtue of the unpaid invoices identified in Exhibits B-C.

115. On information and belief, persons or entities who are not PACA trust beneficiaries received PACA Trust Assets from Company subject to Plaintiffs' PACA trust claims herein.

116. As a direct result of Principals' interference with the PACA Trust Assets and their failure to deliver the same to Plaintiffs, the Plaintiffs have incurred damages in the current aggregate amount of not less than $406,183.83, plus further

interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action.

## COUNT VII

## TORTIOUS INTERFERENCE WITH AN EXPECTANCY UNDER PACA PRINCIPALS

117. Plaintiff re-alleges paragraphs 1 through 16, 25 through 69, and 83 through 118 as though fully set forth herein.

118. Principals were responsible for or in a position of responsibility for overseeing, managing, and directing the Company's use of its PACA Trust Assets.

119. As a PACA licensed dealer of Produce, Plaintiffs each utilized the invoice method of preserving its rights and interests in the Company's PACA trust.

120. Because Plaintiffs' preservation of its rights and interests under PACA is a standard practice utilized by Plaintiffs in connection with its sale of Produce, Plaintiffs possessed a reasonable expectation that Company, as a PACA licensed dealer of Produce itself, would comply with the law and make full and payment promptly to Plaintiffs for all sums owing in connection with every Produce transaction between the parties.

121. Plaintiffs expected Company to comply with the law and promptly pay Plaintiffs the full amount of the unpaid invoices identified in Exhibits B-C.

122. Principals' transfer or failure to prevent the Company's transfer of PACA Trust Assets to non-PACA trust beneficiaries (e.g., payments to Principals, payment to non-Produce vendors, payments to a secured lender, etc.) was unlawful and resulted in the diversion of those PACA Trust Assets away from Plaintiffs and other similar situated PACA trust beneficiaries.

123. Principals' transfer or failure to prevent the Company's transfer of PACA Trust Assets to non-PACA trust beneficiaries was unlawful and constituted a breach of Principals' fiduciary duty to Plaintiffs.

124. Because Plaintiffs' invoices identified in Exhibits B-C remain unpaid, it is clear that Principals' transfer or failure to prevent the Company's transfer of PACA Trust Assets to non-PACA trust beneficiaries impaired Plaintiffs' ability to recover money owed in connection with Plaintiffs' Produce related transactions with Company.

125. In transferring PACA Trust Assets from the Company to non-PACA trust beneficiaries, Principals damaged that property and/or interfered with its delivery to Plaintiffs and other similarly situated PACA trust beneficiaries.

126. Principals failed to ensure that Company preserved its PACA Trust Assets for the benefit of the Plaintiffs and other similarly situated PACA trust creditors.

127. Principals' negligent or intentional use of PACA Trust Assets to pay non-PACA trust beneficiaries was both wrongful and unlawful under PACA.

128. Principals benefitted from Company's transfer of PACA Trust Assets from Company to non-PACA trust beneficiaries.

129. As a direct result of Principals' tortious interference Plaintiffs' expectancy under PACA, Plaintiffs have incurred damages in the current aggregate amount of not less than $406,183.83, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action.

## COUNT VIII

**PACA VIOLATION (UNFAIR TRADE PRACTICE):**
**BREACH OF EXPRESS OR IMPLIED DUTY**
**7 U.S.C. § 499b(4)**

**DEFENDANTS**

130. Plaintiffs re-allege paragraphs 1 through 16 and 25 through 35, and 82 through 118 as though fully set forth herein.

131. As parties to a Produce transaction and, with respect to Company, a PACA licensed dealer of Produce, Company possessed a duty to "perform any specification or duty, express or implied, arising out of any undertaking in connection with any [Produce] transaction" with Plaintiffs.

132. As parties to a Produce transaction and, with respect to Company, a PACA licensed dealer of Produce, Company possessed a duty to "make full payment promptly" to Plaintiffs.

133. As parties to a Produce transaction and, with respect to Company, a PACA licensed dealer of Produce, Company possessed a duty to "exercise reasonable care and diligence in disposing of the produce promptly and in a fair and reasonable manner."

134. As the person identified on the Company's PACA license and the person in control of Company, Principals also owed to Plaintiffs, and other similarly situated PACA trust beneficiaries, the duties and responsibilities identified in Counts V and VI above and as set forth under PACA and Texas Law.

135. Company's failure to promptly pay Plaintiffs for the Produce transaction identified in Exhibits B-C constitutes a violation of an express duty under Section II of PACA.

136. Company's failure to use reasonable care in disposing of Plaintiffs' Produce (i.e., selling it to third parties and not paying Plaintiffs for the same) constitutes a violation of an express duty under Section II of PACA.

137. Company's use or disposition of any funds or the proceeds of its sale of Plaintiffs' Produce in a manner that impairs or endangers Company's ability to

faithfully and promptly pay Plaintiffs constitutes a violation of an express duty under Section II of PACA.

138. As a direct and proximate result of Defendants' breaches of their express and implied duties under PACA, Plaintiffs has incurred damages in the current aggregate amount of not less than $406,183.83, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action.

**WHEREFORE**, Plaintiffs respectfully seeks the entry of an Order providing as follows:

A) As to Count I: (i) entering an Order creating a common fund and/or otherwise compelling the preservation of the Defendants' PACA Trust Assets for the benefit of Plaintiffs and other similarly-situated PACA trust beneficiaries that properly join in the instant action, (ii) entering an Order directing the Defendants to immediately turn over to the registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the Plaintiffs, (iii) entering an order directing Company to cease and desist all business operations unless and until the Court is completely satisfied that Company is properly capitalized, not insolvent, and able to operate in compliance with PACA, and; (iv) entering a Final Judgment in favor of Plaintiffs and against the Defendants, jointly and severally, in the current aggregate amount of not less than $406,183.83, plus

further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action;

B) As to Count II, entering a Final Judgment in favor of each of the Plaintiffs and against the Company and its Principals, jointly and severally, for failing to maintain the PACA trust, in the current aggregate amount of not less than $406,183.83, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein;

C) As to Count III, entering a Final Judgment in favor of each of the Plaintiffs and against the Company, for failing to promptly pay Plaintiff, in the current aggregate amount of not less than $406,183.83, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein;

D) As to Count IV, entering a Final Judgment in favor of each of the Plaintiffs and against the Company for breach of contract in the current aggregate amount of not less than $406,183.83, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein;

E) As to Count V, entering a Final Judgment in favor of each of the Plaintiffs and against the Company and Principals, as trustees of the PACA trust, for a breach of its fiduciary duties to Plaintiffs under PACA, in the current aggregate amount of not less than $406,183.83, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein;

F) As to Count VI, entering a Final Judgment in favor of each of the Plaintiffs and against the Principals, as trustee of the PACA trust, for a breach of their respective fiduciary duties to Plaintiffs under PACA, in the current aggregate amount of not less than $406,183.83, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein;

G) As to Count VII, entering a Final Judgment in favor of each of the Plaintiffs and against the Principals, as co-trustees of the PACA trust, for tortious interference with an expectancy under PACA, in the current aggregate amount of not less than $406,183.83, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein;

H) As to Count VIII, entering a Final Judgment in favor of each of the Plaintiffs and against the Defendants, jointly and severally, for their breach of

express or implied duties under PACA in the current aggregate amount of not less than $406,183.83, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein; and

I) Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Dated: May 15, 2026

KLINOWSKI DAMIANO LLP

By: /s/ Jason R. Klinowski
Jason R. Klinowski, Esq.

P.O. Box 43404
Birmingham, Alabama 35243
Tel: (205) 644-8881
Fax: (205) 644-8489
E-mail: jklinowski@aglawyer.com
*Counsel for Plaintiffs*